983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmanuel MITCHELL, Plaintiff-Appellant,
v.
James PALK; Joey L. Whittenburg, Defendants-Appellees.
 No. 91-6371.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Emmanuel Mitchell, a pro se Tennessee state prisoner, moves for in forma pauperis status on appeal from the jury verdict that he take nothing and that he bear the burden of paying defendants' costs on his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Mitchell brought suit against twelve employees of the Tennessee Department of Corrections alleging that they violated his constitutional rights by using excessive force against him, by denying him prompt and adequate medical care, and by denying him a hearing before transferring him to another prison. The district court dismissed the charges against all defendants except Palk and Whittenburg who were the guards who initially subdued Mitchell. The issue of whether the defendants Palk and Whittenburg used excessive force on Mitchell went to trial before a jury. The jury returned a verdict for defendants. Judgment for defendants was entered and provided that they recover the costs of the action from Mitchell. The district court certified that an appeal would not be in good faith and therefore revoked Mitchell's pauper status pursuant to 28 U.S.C. § 1915(a).
 
 
 3
 On appeal, Mitchell argues that the district court erred by failing to grant him a judgment notwithstanding the jury verdict. He claims that his exhibits prove that the appellees are lying. He moves for in forma pauperis status on appeal and seeks the appointment of counsel.
 
 
 4
 This court's standard of review of motions for judgment notwithstanding the verdict is whether there is sufficient evidence to raise a question of fact for the jury. Marsh v. Arn, 937 F.2d 1056, 1060 (6th Cir.1991). The court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury; rather, it must view the evidence in a light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. Lewis v. City of Irvine, Ky., 899 F.2d 451, 454-55 (6th Cir.1990).
 
 
 5
 It is not clear that reasonable people could come to but one conclusion from the evidence and that the district court should have granted Mitchell's motion for judgment N.O.V. In Mitchell's own words, "when the officers hit me from the back, while this officer was putting the box on me, I tried to turn around and the other officer started swinging on me. So I did move the officer up in the corner. I did. That is a fact. I moved him, because I was constantly being beaten." By his own testimony, Mitchell creates a question upon which reasonable people could come to one of several conclusions. The district court would have committed reversible error had it granted Mitchell's motion.
 
 
 6
 Accordingly, Mitchell's motion for in forma pauperis status is granted and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mitchell's request for appointment of counsel is hereby denied.